### James Van Buren *vs.* Mary Swan.

In an action against a married woman to recover for services rendered in respect to her separate property, it is not necessary to set forth in detail in the declaration the circumstances which make her liable to be sued in her own name alone.

In an action to recover on an account annexed, for services rendered, the plaintiff is not bound to prove that the services were actually rendered, or that they were of the value alleged, if the answer simply denies that the defendant owes the amount claimed, or any sum whatever.

Contract against " Mary Swan, wife of Charles Swan, of Sheffield, in said county, the said Mary being liable to be sued in this action the same as if she were sole and unmarried." The declaration was as follows : " And the plaintiff says the defendant owes him one hundred and sixty dollars according to the annexed account, and interest on said sum." The annexed account was for " commission on sale of house and lands on Staten Island to Mr. Joseph Hyde, in August 1860, for the sum of $16,000 ; 1 per cent., $160." The defendant demurred to the declaration, assigning as cause that it did not state that the property sold was the sole and separate property of the defendant, or any facts which constitute a legal cause of action against her ; but *Putnam,* J. overruled the demurrer.

At the trial in the superior court, before *Rockwell,* J., the plaintiff, in opening his case, contended that it was not incumbent upon him to prove that the services mentioned in the declaration were actually performed, or that they were of the value alleged, under the answer ; but the judge ruled otherwise. The plaintiff then introduced certain evidence which was set forth in the exceptions ; and, under the direction of the judge, a verdict was returned for the defendant. The plaintiff alleged exceptions.

*M. Wilcox & S. B. Sumner,* for the plaintiff.

*J. E. Field & B. Palmer,* for the defendant.

Bigelow, C. J. 1. The declaration is sufficient in form. It was not necessary to allege that the defendant was a married woman, or that the services for which the plaintiff sought to

recover were rendered in respect to her separate property. Inasmuch as a married woman is liable to be sued on certain contracts " in the same manner as if she were sole," under Gen. Sts. *c.* 108, § 5, she may well be charged in an action of contract in the nature of *indebitatus assumpsit* in all cases where she is so liable under the statute, and in which such a declaration would be proper and sufficient if she were not under coverture. If the plaintiff proves under this form of declaration that he rendered services at her request in relation to her separate property, the declaration is supported and there is no variance.

2. The answer did not put in issue the substantial averments in the declaration. These were that the plaintiff, at the time alleged in the declaration, was entitled to receive from the defendant a commission equal to the amount stated in the account annexed for the sale of a house and lands on Staten Island. The answer did not deny these allegations specifically, or state any substantive ground of defence to the charge for commission, as is required by Gen. Sts. *c.* 129, § 18. It did not deny that the plaintiff had earned the commission which he charged, nor did it aver that the sum charged was not just and proper. It was a mere general denial of indebtment, and amounted to nothing more than the general issue, which is expressly abolished by Gen. Sts. *c.* 129, § 15. See *Granger* v. *Ilsley*, 2 Gray, 521.

In this state of the pleadings, as the substantive facts alleged in the declaration were not denied in clear and precise terms, the case came within the provisions contained in Gen. Sts. *c.* 129, § 27, and the court should have ruled that the earning of the commissions by the sale of the property to the amount stated in the account annexed was admitted. Upon this ground the plaintiff is entitled to a new trial, and the order must be

*Exceptions sustained.*